NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1


CERTIFIED COPY

# United States Court of Appeals

**For the Seventh Circuit**
Chicago, Illinois 60604

Submitted April 30, 2008[*]
Decided April 30, 2008



**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*


FILED
MAY 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| No. 07-2773 | |
| DAWN BOUTTE,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 C 7126 |
| NORTHWESTERN MEDICAL FACULTY FOUNDATION, et al.,<br>*Defendants-Appellees.* | Joan B. Gottschall,<br>*Judge.* |

### ORDER

Dawn Boutte sued Northwestern Medical Faculty Foundation, Northwestern Internists, and Northwestern Physicians Group ("Northwestern Medical") for negligence. The district court dismissed for lack of subject-matter jurisdiction, and Boutte appeals. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In 1998 Boutte worked as a file clerk in the radiology department of the Westside Veterans Administration Medical Center. She claims she was injured on the job, though the particulars of this injury are absent from the record. She filed for worker's compensation benefits in 1999, but the Department of Labor denied her claim for benefits.

Boutte filed a *pro se* complaint alleging that she was denied workers' compensation benefits because Northwestern Medical negligently misdiagnosed her and failed to provide medical information necessary for her to obtain benefits under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101. The district court dismissed Boutte's complaint sue sponte for lack of subject-matter jurisdiction, and Boutte filed an amended complaint. In her amended complaint Boutte cited both the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, and FECA as federal statutes conferring jurisdiction over Northwestern Medical for "breach of standard of care by failing to properly diagnose Plaintiff." The district court reviewed Boutte's amended complaint and once again dismissed for lack of subject-matter jurisdiction.

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *See Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007). We have repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Boutte argues here, like in her amended complaint, that the district court had federal-question jurisdiction under the FTCA and FECA. Federal-question jurisdiction exists when a plaintiff's right to relief is created by, or depends on, a federal statute or constitutional provision. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003).

The district court correctly concluded that neither the FTCA, nor the FECA, creates subject-matter jurisdiction in this case. The FTCA provides a cause of action against only the United States government, and not against private individuals. *See* 28 U.S.C. § 1346(b)(1); *see also Richards v. United States*, 369 U.S. 1, 6 (1962). Therefore, the FTCA does not confer federal jurisdiction over Northwestern Medical. Similarly, the FECA requires that the federal government compensate its employees who are injured on the job, but does not establish a cause of action against private individuals. *See* 5 U.S.C. § 8102(a); *Ezekiel v. Michel*, 66 F.3d 894, 898-99 (7th Cir. 1995). Because neither the FTCA nor the FECA provide a cause of action against these defendants, Boutte's claims under these statutes are frivolous and insufficient to establish jurisdiction. *See In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

AFFIRMED.